# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CREMATION SOCIETY OF | : | |
| ILLINOIS, INC., *et al.*, | : | |
|     Defendants. | : | No. 18-1718 |

## MEMORANDUM

**Schiller, J.**                                                                                                    **October 10, 2018**

Live Face on Web, LLC ("LFOW") is a developer and owner of copyrighted software and technology. (Sec. Am. Compl. ¶¶ 12–13.) Cremation Society of Illinois, Inc. ("CSI"), Illinois Cremation Direct, Inc. ("ICD"), Katie Sullivan, and Gerald Sullivan (collectively, "Defendants") "have in the past or currently own, control, and/or operate" the website http://illinoiscrematiocenters.com. (*Id.* ¶ 7.) LFOW sued Defendants under the United States Copyright Act and Pennsylvania law. Defendants filed a motion to dismiss. For the reasons set forth below, the Court grants the motion but will permit LFOW to amend its pleadings.

## I. BACKGROUND

LFOW is a developer and owner of "live person" software ("LFOW Software") and video technology that allows the display of a "walking and talking" personal host on a website. (*Id.* ¶¶ 12–13.) LFOW licenses software packages to individuals and businesses for use on their websites. (*Id.* ¶¶ 12, 16.) Each software package consists of three parts: (1) the video presentation of the spokesperson; (2) the LFOW Software; and (3) the LFOW video player. (*Id.* ¶ 17.) LFOW alleges that these software packages are subject to an End User Licensing Agreement ("EULA") and two separate copyright registrations, No. TX 7-367-218 relating to

LFOW Software version 9.1.1 and No. TX 8-188-453 relating to LFOW Video Player Version 4. (*Id.* ¶¶ 20, 23.) Under the EULA, an LFOW software package may be used on only one URL and cannot be assigned, sublicensed, or transferred. (*Id.* ¶¶ 24–25.) If a licensee violates any provision of the EULA, the license to the LFOW software package "shall terminate immediately, without notice from LFOW, and all rights of such licensee in the licensed material shall be immediately revoked." (*Id.* ¶ 27.)

LFOW alleges that "[i]n or around 2015" Defendants acted "through an agent" to license two customized LFOW software packages "for marketing, advertising, and sales purposes." (*Id.* ¶¶ 22–23.) However, LFOW alleges that Defendants failed to comply with the EULA by using the software packages on multiple URLs and websites. (*Id.* ¶¶ 30–32.) LFOW also claims that Defendants "caused their website visitors to download and execute on their computers and other devices" the copyrighted material and, therefore, caused these third-party website visitors to violate LFOW's rights. (*Id.* ¶ 35.) LFOW claims that Defendants had "the right and ability" to monitor and minimize this conduct, but failed to do so. (*Id.* ¶¶ 36–37.) As a result, Defendants "received a direct and substantial financial benefit from the infringing activity occurring on or through their computer systems and/or websites." (*Id.* ¶ 38.)

LFOW sued all four Defendants, including Katie Sullivan and Gerald Sullivan as individuals, for direct copyright infringement; vicarious copyright infringement; inducing copyright infringement; and breach of contract. (*Id.* ¶¶ 40–41; 52–54; 58–59; 63.) Defendants moved to dismiss the Second Amended Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. (Def.'s Mot. at 2, 7–8.)

2

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In assessing a motion to dismiss pursuant to Rule 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III. DISCUSSION

LFOW's Second Amended Complaint contains claims for direct copyright infringement, vicarious copyright infringement, inducing copyright infringement, and breach of contract. Defendants raise three arguments in support of their Rule 12(b)(6) motion: (1) LFOW has asserted conclusory claims that lack specificity about the actions taken by Defendants; (2) LFOW has not alleged facts sufficient to show that Katie and Gerald Sullivan would be personally liable for any of the counts; and (3) LFOW has impermissibly split its claims against Defendants. (Defs.' Mot. at 8–13; Defs.' Reply at 2, 6–8.)

### A. LFOW's conclusory allegations fail to state a claim.

#### 1. Direct and Vicarious Copyright Infringement Claims

"To survive a motion to dismiss, a complaint alleging copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the works in question have been registered with the Copyright Office in accordance with the statute; and (4) by what acts and during what

3

time the defendant infringed the copyright." *Quadratec, Inc. v. Turn 5, Inc.*, Civ. A. No. 13-6384, 2015 WL 4876314 at *4 (E.D. Pa. Aug. 13, 2015).

LFOW has failed to meet this fourth requirement in its pleadings. Although LFOW alleges that an unidentified agent licensed two LFOW software packages on behalf of Defendants "on or about 2015," it does not state the time at which the EULA was initially violated or the period during which the actual violations of the copyright occurred. (Sec. Am. Compl. ¶ 22.) Nor does the complaint specify the identity of the agent acting on behalf of Defendants or the actions each Defendant took. Instead, LFOW refers to Defendants collectively in all of its allegations, except in its section identifying the parties. (*Id.* ¶¶ 3–7.) This alone is a reason to dismiss LFOW's claims. *See, e.g., Gench v. HostGator.com LLC*, Civ. A. No. 14-3592, 2015 WL 3757120 at *10 (S.D.N.Y. June 17, 2015) (dismissing copyright claim against defendant because there were no specific allegations against it, other than those made against all defendants collectively, in violation of Rule 8). While it may not be futile for LFOW to file an amended complaint to address these deficiencies, the current pleadings, without these details, fail to state a claim against Defendants for direct or vicarious copyright infringement.

### 2. Inducing Copyright Infringement

A plaintiff must allege four elements to state a claim for inducing copyright infringement: "(1) the distribution of a device or product; (2) acts of infringement; (3) an object of promoting its use to infringe copyright; and (4) causation." *Live Face on Web, LLC v. The Control Grp. Media Co*, 150 F. Supp. 3d 489, 500 (E.D. Pa. 2015). The third element generally requires that a plaintiff allege affirmative steps taken by a defendant to encourage direct infringement. *Id.* (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*, 545 U.S. 913, 935 (2005)) (dismissing inducement of copyright infringement claim because the plaintiff alleged that the

4

defendant "intended for visitors to infringe copyright by downloading the LFOW Package onto their computers' RAM" without providing "any theory as to why [the defendants] would do so").

LFOW has not alleged facts to demonstrate this third prong. As LFOW recited in another complaint it filed in this Court, *see Live Face on Web, LLC*, 150 F. Supp. 3d at 500, Defendants "knowingly, systematically and materially contributed to, intentionally induced, and/or caused their website visitors to infringe Plaintiff's copyrights in its works." (Sec. Am. Compl. ¶ 53.) LFOW further alleges that these "acts of vicarious infringement were willful." (*Id.* ¶ 54.) However, these allegations are insufficient, because they are merely a formulaic recitation of the claim's elements.

### 3. Breach of Contract

LFOW also brought a breach of contract claim under Pennsylvania law. (*Id.* ¶ 63.) Having dismissed the copyright claims that give the Court jurisdiction, the Court declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367.

### B. LFOW has not alleged why individual Defendants Katie and Gerald Sullivan would be personally liable.

In addition to the reasons set forth above, LFOW's claims against Katie and Gerald Sullivan also fail, because LFOW has not alleged facts sufficiently indicating why these individuals would be personally liable. Rather, LFOW appears only to defend its vicarious copyright infringement claim against Katie and Gerald Sullivan, despite bringing all four of its claims against the individual Defendants. (Pl. Opp'n to Mot. at 15.) "Vicarious infringement occurs when one profits from direct infringement while declining to exercise a right to stop or limit it." *Leonard v Stemtech Int'l, Inc.*, 834 F.3d 376, 388 (3d Cir. 2016). To prove a vicarious infringement claim, a plaintiff must show that a defendant had "(1) the right and ability to

5

supervise or control the infringing activity; and (2) a direct financial interest in such activities." *Id.*

LFOW has failed to meet this standard. The Second Amended Complaint summarily alleges that all Defendants "have in the past or currently own, control, and/or operate the website" at issue and "among others, have final authority to direct and authorize changes to" it. (Sec. Am. Compl. ¶ 7.) LFOW also alleges that all Defendants had "the right and ability to monitor, control, direct, supervise, and to limit the infringing conduct and activities that occur through their computer systems and websites" and that all Defendants "received a direct and substantial financial benefit from the infringing activity occurring on or through their computer systems and/or websites." (*Id.* ¶¶ 36, 38.)

Without more information about the individual Defendants' ownership interest in the website during the period of infringing activity or relationship to the corporate Defendants, these allegations do not meet the pleading requirements. For example, the Second Amended Complaint does not allege the time period in which the individual Defendants owned the website and whether that corresponded to the time during which the infringing activity occurred such that they would have profited from it.

Nor does the Second Amended Complaint provide enough information about the individual Defendants' relationship to the corporate Defendants for the Court to infer that the individuals had supervisory authority over the infringing activity or a direct financial interest in it based on any such relationship. The Second Amended Complaint does not specify what specific supervisory power each individual had within CSI or ICD or what relationship each individual had to the "agent" who acted on behalf of all of Defendants, such that the individuals would be bound by the agent's activities. Moreover, the Second Amended Complaint fails to state what

ownership or other financial interest the individual Defendants have in CSI or ICD such that the individual Defendants would directly profit from CSI or ICD's infringing activity on the website.

## IV. CONCLUSION

For the reasons discussed above, the motion to dismiss is granted. However, the Court will allow LFOW to amend its Second Amended Complaint. An Order consistent with this Memorandum will be docketed separately.